(No. 75-CV-4—

LUELLA M. LEU, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1975.*
*Amended opinion filed January 27, 1975.*

JOHN LUSAIC, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arose out of a criminal aggravated battery on June 2, 1975, at 614 West Kemper, Chicago, Illinois. Luella M. Leu of 614 West Kemper, Chicago, Illinois, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, (hereafter referred to as the "Act") *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71 et. seq.*

This Court has carefully considered the application

for benefits submitted on the form prescribed and furnished by the Court; and a report by the Attorney General of the State of Illinois, which substantiates the matter set forth in the application. Based upon the documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant was a victim of a violent crime covered under *Ill. Rev. Stat., 1973, Ch. 70, Sec. 72,* to wit:

"Aggravated Battery, Ill. Rev. Stat., 1973, Ch. 38, Sec. 12-4."

2. That said crime occurred at approximately 12:10 a.m. on June 2, 1974 at 614 West Kemper Street, Chicago, Illinois, at which time claimant suffered a beating administered by three assailants and suffered injuries therefrom. A detailed summary of the facts and information considered by the Court is contained in an investigative report prepared by the Attorney General. A copy of said report remains in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

3. That the crime was promptly reported to the Chicago Police Department, and claimant has cooperated fully with law enforcement officials. That two of the assailants have been identified as Dr. Ronald Gilbert and Glenn Hammerland. That they have been arrested, charged, and are awaiting trial. That the third assailant has not been identified.

4. That there was no evidence that claimant was a relative or member of the same household of the assailants.

5. That injury to the claimant was not attributable to either her wrongful act or substantial provocation on her part.

6. That claimant has suffered damages in excess of $200 compensable under Sec. 4 of the Act, to wit:

A. Hospital Expenses ............................. $ 261.50
B. Doctor Expenses ............................... $ 278.50

TOTAL MEDICAL EXPENSES ................ $ 540.00

7. That claimant was unable to work for the three month period from June 2, 1974, to September 2, 1974, as a result of her injuries; that she sustained loss of earnings during this period in the amount of $4,295.83, based on her earnings during the six months period prior to the incident. That this loss is greater than the statutory maximum of $500 per month for loss of earnings payable under the Act.

STATUTORY MAXIMUM 3 MONTH LOSS
OF EARNINGS ................................. $1,500.00

TOTAL EXPENSES AND LOSS OF EARNINGS ......... $2,040.00

8. That there is no evidence that claimant has received any compensation from, local, state or federal funds, insurance of any kind, or from any other source.

9. Pursuant to Sec. 77(d) of the Act, the Court must deduct the first $200 of expenses

expenses ......................................... −$200.00

TOTAL ....................................... $1,840.00

10. That the proof submitted in support of this claim satisfies all the requirements of this Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the sum of $1,840.00 (ONE THOUSAND EIGHT HUNDRED AND FORTY DOLLARS) be awarded Luella M. Leu, as an innocent victim of a violent crime.

## AMENDED OPINION
### and
## SUPPLEMENTARY ORDER

This Court has previously filed its opinion in the above matter awarding compensation to the claimant in the total sum of—$1,840.00. However, payment of the said award has been delayed due to an omission in the law concerning certain payment procedures which the General Assembly will remedy as expeditiously as possible.

To expedite a payment of part of the compensation to which the above named claimant is entitled, the Court on its own motion orders herewith an immediate partial payment up to the limit which this Court is legally authorized to order paid in such claims from the Court of Claims Fund.

Accordingly, the Court hereby supplements and amends the opinion and order previously filed in this claim by adding the following further order:

IT IS FURTHER ORDERED that the sum of $999.99 (Nine Hundred Ninety-nine Dollars and ninety-nine cents) be paid to the claimant immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $840.01 be referred forthwith to the General Assembly for its approval.